IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

REBECCA E. HENRY, ET AL     PLAINTIFFS

v.     CIVIL ACTION NO. 2:64-cv-00028-MPM

THE CLARKSDALE MUNICIPAL
SEPARATE SCHOOL DISTRICT, et. al.,
DEFENDANTS

### AGREED ORDER OF DISMISSAL

Now before the Court is an Unopposed Motion [41] for Declaration of Unitary Status filed by the Clarksdale Municipal School District, Defendant, affirming it has fulfilled its affirmative desegregation obligations under the Fourteenth Amendment and applicable federal law for a reasonable period of time and has eliminated the vestiges of past de jure discrimination to the extent practicable. The District further shows that none of the original Plaintiffs in the action are living or in contact with the School District and further that its Motion is unopposed by the Bi-Racial Committee via Jimmy Wiley, NAACP President (Coahoma County, MS Branch) and original member of said Bi-Racial Committee, as previously established by this Court, which has communicated its approval of the District's application for unitary status and the approval of an Agreed Order of Dismissal regarding the instant cause. In consideration of the same and the facts of this cause, this Court does find as follows:

### Procedural History

On April 22, 1964, the Henrys and other joining families (herein "Plaintiffs") filed a Complaint against the Clarksdale Municipal Separate School District, the Clarksdale-Coahoma School Board and other Defendants (herein "School District") which sought a preliminary and

permanent injunction to forbid the defending school districts from operating a "compulsory biracial public school system for the children residing in Clarksdale, Mississippi". In other words, Plaintiffs charged School District with "pursuing a policy, custom, practice and usage of operating the public school system of the City of Clarksdale, Mississippi, on a racially segregated basis."

On June 26, 1964, this Court filed its "Order of Preliminary Injunction" whereas it ordered that (1) the School District were restrained and enjoined from assigning pupils to the public schools solely based upon that pupil's race, (2) the School District was required to prepare and submit a plan for the desegregation of its schools to the Court by July 30, 1964, (3) the School District may submit alternative plans for desegregation of said schools and designate the order of preference of said plans, and (4) a hearing at a time and place would be scheduled by the court upon the submission of the plan (or plans) by the School District.[1]

On July 27, 1964, the Clarksdale Municipal Separate School District submitted four (4) distinct "desegregation plans" to the Court in compliance with its June 27, 1964 "Order of Preliminary Injunction". Each plan purported to possess a different timeline for the desegregation of the District's pupils, grades 1 through 12; whereas, the District expressed its preference for "Plan II", which outlined a purported effort to desegregate District's pupils, grades 1 through 12 by 1970. The District's order of preference for the remaining plans were as follows: Plan I, Plan III, and Plan IV.

---

[1] The Court found that "no school with which this suit is concerned is under the present jurisdiction of any of said other defendants, but only the Clarksdale Municipal Separate School District has the sole and exclusive power to designate which of the children in said separate school district will attend the schools with which this case is presently concerned." The Court further found that no relief, at that time, would be proper against any other defendant other than Clarksdale Municipal Separate School District and its Board of Trustees. However, the Court also determined "It would be improvident, however, to eliminate said other defendants at this time and they should be retained as defendants pending the full development on the merits and further order of the court." See p. 2 of "Order for Preliminary Injunction".

On August 10, 1964, the Board of Trustees for the Clarksdale Municipal Separate School District filed a resolution dividing the school district into four elementary school subdistricts, two junior high school subdistricts, and two senior high school subdistricts, as well as establishing attendance areas or zones within the said subdistricts. Plaintiffs promptly objected to the plan as lacking in specificity, speedy, and completeness. On August 19, 1964, the Court conducted a hearing on the District's proposals and Plaintiffs' objections thereto.

On August 19, 1964, this Court entered an Order mandating that "the Clarksdale Municipal Separate School District put into immediate effect Plan 1 submitted by it in accordance with the Order of the court dated June 26, 1964, and keep said plan in effect throughout the first semester of the 1964-65 school year, with the separate attendance areas or zones established by said Board of Trustees as a part of said plan, and that the Board of Trustees of the Clarksdale Municipal Separate School District put into effect Plan 2 submitted submitted by it in accordance with the Order of the court dated June 26, 1964, at the beginning of the second semester of the 1964-65 school year, with the separate attendance areas or zones established by said Board of Trustees as a part thereof."

On January 5, 1965, alleging that no desegregation had resulted from the plan as ordered into effect and that because of the nature of the plan, no desegregation was likely to result in the future, Plaintiffs filed a motion for further injunctive relief.

On August 10, 1965, this Court entered its "Order for Permanent Injunction," which permanently enjoined the District in assigning pupils to the grades progressively included in the schedule for racial desegregation of the public schools under the supervision of the District, to wit: (1) acknowledgement that the court had previously ordered the desegregation of grades 1 and 2 pursuant to its previous order, (2) grades three, four, and twelve be racially desegregated by the

beginning of the 1965-1966 school term, (3) grades five, six, ten, and eleven be racially desegregated by the beginning of the 1966-1967 school term, and (4) grades seven, eight, and nine be racially desegregated by the beginning of the 1967-1968 school term. The Court also approved geographic attendance zones of the District's school, mandated that the curricula of the various levels of schools (elementary, junior high, and high schools) be identical, and the teacher student ratios for said various levels of schools to be at the same level. Finally, the Court mandated for the expenditure of public funds for said various levels of schools to be at the same level with certain listed exceptions as outlined by the Court.

On October 1, 1965, this Court issued an Order amending its August 10, 1965 Order for Permanent Injunction, which prescribed a deadline for student transfers within the District for the purpose of attending a course not offered at a student's school.

In its October 6, 1965 Order, this Court again amended said Order of Permanent Injunction by correcting an error concerning geographic attendance areas.

On December 13, 1965, this Court entered an Order approving the School Board's revised plan setting final geographic attendance areas for students within the School District, denied the School Board authority to change boundaries within subdistricts, and retained jurisdiction of this case.

On or about December 17, 1965, Plaintiffs filed an appeal with the United States Court of Appeals, Fifth Circuit. On March 6, 1969, said Court of Appeals issued its order remanding the case to this Court for a determination of the effectiveness of the Clarksdale board plan to convert its dual system into a unitary system in which desegregation would be eliminated "root and branch."

On July 8, 1969, this Court set forth an Order directing the School Board to file a new plan of desegregation not later than July 23, 1969, allowed Plaintiffs to make objections by July 28, 1969, and a hearing to be set for July 30, 1969 regarding the plan and any said objections. However, the Court vacated said Order on July 18, 1969 due to Plaintiffs' pursuit of a writ of certiorari in the United States Supreme Court.

On November 25, 1969, this Court issued an Order directing the School District to confer with the United States Office of Education and to submit a new desegregation plan and recommendations to the Court by December 23, 1969, allowing Plaintiffs to make objections by January 2, 1970, and setting a hearing for January 9, 1970 regarding the plan, recommendations and any said objections.

On January 10, 1970, this Court issued an Order setting out steps to be implemented in obedience to the mandate of the 5th Circuit with goal toward desegregation, established a biracial advisory committee, appointed a Special Master and tasked him with aiding the court to develop a new student desegregation plan applicable to all 12 grades of the Clarksdale Municipal Separate School District, effective for the school year beginning September 1970 and thereafter, denied Plaintiffs' motion for modification or additional finding of facts and denied Plaintiffs' motion for injunction placing United States Office of Education plan into effect immediately pending appeal.

On January 28, 1970, Plaintiffs filed their Notice of Appeal with this Court appealing the aforementioned Orders to the 5th Circuit.

On April 15, 1970, the 5th Circuit Court of Appeals its Order which issued a limited remand regarding Plaintiffs' appeal of this Court's January 10, 1970 Order. Specifically, the 5th Circuit mandated this Court (1) conduct a hearing upon the Special Master's report and the exceptions thereto; (2) make and file its findings of fact and conclusions of law based thereon; and (3) file a

supplemental record with this Court containing the Special Master's report, the exceptions thereto and the district court's findings of fact, conclusions of law and any order entered thereon. The 5th Circuit Court retained jurisdiction of the appeal and cross-appeal during the limited remand for the aforementioned purposes. *See Henry vs Clarksdale Mun. Sep. Sch. Dist.*, 425 F.2d 698 (1970) (Clarksdale II).

On May 8, 1970, this Court issued its Memorandum Opinion and Order overruling exceptions filed by Plaintiffs and the School Board regarding Special Master's plan and adopted said plan in its entirety, with supplements thereto.

On August 12, 1970, the 5th Circuit Court of Appeals rendered its order which reversed the prior orders of this Court dated January 10, 1970 and May 8, 1970, as they applied to the Clarksdale elementary schools, and remanded this cause with directions consistent with the opinion of the 5th Circuit Court. *See Henry vs Clarksdale Mun. Sep. Sch. Dist.*, 433 F.2d 387 (1970). (Clarksdale III)   (biracial advisory committee)

On August 21, 1970, this Court issued its Supplemental Order that outlined mandates of desegregation of the Clarksdale school district consistent with the mandates of the 5th Circuit of Appeals.

On August 24, 1970, this Court set forth its Order setting deadlines for the School Board's submission of reports and plans in the facilitation of the desegregation of schools within the District.

On January 19, 1971, this Court rendered its Order in pursuit of the desegregation of the District's elementary schools by Sept 1971 and further ordered the biracial committee and School Board to make recommendations on zone lines for Oliver Elementary School and/or other schools as they deem necessary by April 1971.

On January 25, 1971, this Court set forth its Order requiring the School District to submit reports on March 1, 1971, and on December 1 and April 15 of each subsequent year outlining prescribed District information.

On March 31, 1971, this Court issued an Order requiring the School Board and Superintendent to file a proposal for altering zone lines for Oliver Elementary School to serve grades 1-6 by April 20, 1971.

On May 27, 1971, this Court entered its Order setting out facility ratio and assignment of pupils for the present and subsequent school years.

On September 7, 1971, this Court issued its Order authorizing the School Board to reassign and transfer 4th, 5th, and 6th grade students from Oliver Elementary School to Booker T. Washington for the purpose of relieving overcrowded conditions at Oliver.

On March 31, 1972, this Court set forth its Order directing the School Board to submit alternative proposals for acquisition of other school sites in "neutral" neighborhoods, etc. before selling presently owned site in Northeast section of Clarksdale.

On September 25, 1972, this Court entered its Order directing School Board to bus students in grades 1 through 6 that lived more than 1½ miles from school commencing October 16, 1972.

On October 3, 1972, this Court issued its Order prohibiting School Board from using reassignment methods to minimize the number of students it was required to transport.

On October 6, 1972, School Board filed an appeal to the 5th Circuit Court regarding this Court's September 25, 1972 and October 3, 1972 Orders.

On June 22, 1973, the 5th Circuit Court of Appeals affirmed this Court's September 25, 1972 and October 3, 1972 Orders and remanded the case regarding attorney fees for Plaintiffs' attorneys. ***See Henry vs Clarksdale Mun. Sep. Sch. Dist.***, 480 F.2d 583 (1973) (Clarksdale IV).

On November 10, 1975, this Court issued its Order awarding $1,500.00 to Attorney Melvyn Leventhal, counsel for the Plaintiffs, as attorney fees for services since July 1, 1972. A Notice of Appeal was subsequently filed regarding said Order on December 8, 1975.

On January 16, 1976, the School Board filed its Motion for Order of Dismissal in this cause. Subsequently, on April 18, 1979, School Board filed a Renewed Motion for Order of Dismissal.

On September 7, 1978, the 5th Circuit Court of Appeals affirmed this Court's November 10, 1975 Order regarding its award of attorneys fees to counsel for Plaintiffs.

On July 19, 1979, this Court issued its Order denying School Board's Motion of Dismissal of this cause.

On September 27, 1979, this Court set forth its Order deeming this cause as a class action suit for the benefit of a plaintiff class consisting of all black students now and hereafter attending the Clarksdale public schools.

On October 26, 1979, School Board filed an appeal to the 5th Circuit Court regarding this Court's September 27, 1979 Order.

On May 19, 1981, the 5th Circuit Court of Appeals affirmed this Court's September 27, 1979 Order.

Thereafter, this Court entered a series of Consent Orders regarding various matters (i.e. Elementary School Pupil Assignment and Other Matters – May 1, 1984; Appointment of Bi-Racial Commission – July 13, 1984; Realignment of Myrtle Hall Elementary and George Oliver Elementary School Zone – July 23, 1985; and Establishment of Second Junior High School and Combining Oakhurst and Riverton Elementary Zones – January 30, 1986).

On January 15, 2004, this Court issued its Order permitting the grade realignment for the District's schools in light of the closing of Riverton Elementary School.

On February 1, 2010, this Court entered its Order amended prior orders related to the desegregation of the District and allowing the implementation of "magnet schools".

On June 11, 2013, this Court entered an Order approving the District's prospective plan to implement a "Magnet School".

On June 1, 2016, this Court entered an Order approving the District's modified prospective plan to implement a "Magnet School" and further approved the closure of Myrtle Hall, a school building within the District, as well as the relocation of students within the District.

On April 3, 2017, this Court entered an Order approving the District's modified prospective plan to implement a "Magnet School" and further approved the closure of Myrtle Hall, a school building within the District, as well as the relocation of students within the District.

From October 13-16, 2017, Jimmy Wiley and Rena Butler, as proposed plaintiffs, filed Motions for Leave to File, Motions for Temporary Restraining Order, and Motion for Preliminary Injunction; however, on October 19, 20017, this Court denied the relief requested in said motions and further declined to address the proposed plaintiffs' request for a preliminary injunction.

On October 20, 2017, said proposed plaintiffs filed their Notice of Appeal regarding this Court's October 19, 2017 denial of relief; however, the United States Court of Appeals (5th Circuit) dismissed the appeal for want of prosecution, via case No. 17-60731.

On January 30, 2018, the United States Court of Appeals (5th Circuit) granted the proposed plaintiff's motion to reopen appeal.

On August 15, 2018, this Court administratively closed said prospective plaintiffs' Motion for Preliminary Injunction in light of their then pending appeal before the United States Court of Appeals (5th Circuit) regarding their motion for a Temporary Restraining Order regarding the prospective magnet school within the school district.

On October 10, 2018, the United States Court of Appeals (5th Circuit) issued its Order denying the prospective plaintiffs' petition for rehearing and subsequently, on October 17, 2018, issued its Judgment affirming this Court's denial of the potential plaintiffs' Motion for Temporary Restraining Order and further denying their motion for attorney's fees and "reactivation of the Bi-Racial Committee."

In the September of 2022, counsel for Clarksdale Municipal Separate School District attempted to identify counsel for Plaintiff(s) and to advise them of Defendant's efforts to achieve unitary status and pursuit of an Order of Dismissal of this action and that the District had met its obligations in this desegregation case. The last known counsels for the private plaintiffs were the Honorable Fred Banks and the Honorable Alvin Chambliss. Attorney Fred Banks stated via phone and email explained he was no longer counsel of record for Plaintiffs. Moreover, counsel for Defendant reached out multiple times to Attorney Alvin Chambliss via email and telephone but has not received any response. Both said previous Plaintiff counsels are on the Electronic Court Filing System associated with this court and should receive notices accordingly.

**Legal Standard**

The standard established by the Supreme Court for determining whether a school district has achieved unitary status, thus warranting termination of judicial supervision, is whether: (1) the school district has fully and satisfactorily complied with the court's orders for a reasonable period of time; (2) the school district has eliminated the vestiges of past *de jure* discrimination to

the extent practicable; and (3) the school district demonstrated a good faith commitment to the whole of the court's order and to those provisions of the law and the Constitution which were the predicate for judicial intervention in the first instance. *See Missouri v. Jenkins,* 515 US. 70, 87-89 (1995), *citing Freeman v. Pitts,* 503 US. 467, 491-92, 498 (1992); *Bd. Of Educ. of Oklahoma City Pub. Sch. v. Dowell,* 498 US. 237, 248-50 (1991).

The Supreme Court has identified six areas, commonly known as the *"Green* factors," which must be addressed as part of the determination of whether a school district has fulfilled its duties and eliminated vestiges of the prior dual school system to the extent practicable: (l) student assignment; (2) faculty; (3) staff; (4) transportation; (5) extracurricular activities; and (6) facilities. *Green v. County School Board of New Kent County,* 391 US. 430, 435 (1968); *see Dowell,* 498 U.S. at 250.

## Analysis

Based on the information and data provided by the District, and on all the related facts, the District has complied with the Court's desegregation orders for a reasonable period of time and has eliminated the vestiges of past *de jure* discrimination with respect to the *Green* factors to the extent practicable.

Specifically, the District has satisfied its desegregation obligations regarding student assignment. The District's most recent report from January 4, 2023 shows that the District's enrollment is approximately 96.2% Black, 1.43% White, 1.28% Hispanic, .05% Asian, and 1.09% Mixed/Other. The racial enrollment of the District's schools is as follows: (1) Clarksdale High School (96.3% Black, 1.95% White, 1.74% Hispanic); (2) Higgins Middle School Academy (96.5% Black, 2.13% White, 1.1% Hispanic, and .03% Mixed/Other); (3) Heidelburg School Math & Science School (95.9% Black, 2.56% White, 1.0% Hispanic, and .51% Mixed/Other); (4) Kirkpatrick Heath & Wellness School (93.3% Black, 0.8% White, 2.77% Hispanic and 3.2%

Other); (5) Oakhurst Intermediate Academy (97.7% Black, .66% White, .98% Hispanic, and .67% Mixed/Other); (6) George H. Oliver Visual and Performing Arts School (94.5% Black, 1.7% White, and Other 3.8%); (7) Jerome W. Stampley 9th Grade Academy (96.3% Black, 1.1% White, 2.1% Hispanic, and .53% Asian) and (8) Booker T. Washington International Studies School (99.4% Black, .6% Other).  Majority-to-minority transfers are no longer an option as all of the District's schools are majority black.  More, any inter-district transfers within the District would not have an adverse cumulative effect on desegregation.  *See Singleton v. Jackson Mun. Separate Sch. Dist.*, 419 F.2d 1211, 1219 (5th Cir. 1970).  Finally, District's student assignment practices with respect to discipline and special education would not have an adverse cumulative effect on desegregation.

The District's has further met its desegregation obligations with respect to professional staff.  The most recent report shows that the District's full-time and part time instructional staff is 89.4% Black, 8.9% White, 0.5% Hispanic, and 1.24% Mixed/Other.  The racial composition of the instructional staff at each school is as follows: (1) Clarksdale High School (85% Black, 11% White, 2.1% Hispanic, and 2.1% Mixed/Other); (2) W.A. Higgins Middle School Academy (88.6% Black, 8.6% White, and 2.9% Hispanic); (3) Heidelburg School Math & Science (87.1% Black, 9.7% White, and 3.2% Mixed/Other); (4) Kirkpatrick Health & Wellnesss School (86.5% Black, 13.5% White); (5) Oakhurst Intermediate Academy (96.7% Black, 3.3% Mixed/Other); (6) George H. Oliver Visual/Performing Arts School (97.4% Black, 2.6% White); (7) Jerome W. Stampley 9th Grade Academy (95.7% Black, 4.3% White); (8) Booker T. Washington International Studies (82% Black, 15% White, and Mixed/Other 3%); (9) Carl Keen Vocational (100% Black), (10) Maintenance (100% Black), Bus Drivers (100% Black) (11) Clarkdale Municipal School and (12) District Central Office (84% Black, 14.5% White, and 1.5% Mixed/Other).

The District also has met its desegregation obligations with respect to extracurricular activities, facilities, and transportation. Extracurricular activities, including sports, student government, and clubs, are available to all students in the District regardless of race. In addition, the District maintains non-discriminatory policies and practices with respect to transportation and provides transportation to students in a non-segregative and nondiscriminatory manner. Lastly, the District has not made any major changes to school buildings or student assignment over the last several years, and the District has no present definite plans for closure, major construction, or expansion of any facilities, although, with the present student and staff population structure of the District, such measures would not have a segregative and discriminatory effect, nor affect the unitary composition of said District.

Based on the information and data provided by the District, and on all the related facts, the District has complied with the Court's desegregation orders for a reasonable period of time and has eliminated the vestiges of past *de jure* discrimination with respect to the *Green* factors to the extent practicable. Therefore, the Court concludes that the District has met the legal standards for a declaration of unitary status and that it is entitled to dismissal of this action.

## *Conclusion*

For all of the reasons indicated above, all prior injunctions in this case are dissolved, jurisdiction is terminated, and the instant desegregation case against the District is dismissed with prejudice.

SO ORDERED, this the 19th day of January, 2023.

/s/ Michael P. Mills
UNITED STATES DISTRICT JUDGE